# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTI WILLIAMS, | |
|         Plaintiff, | Case No. 3:23-cv-00122-SLG |
|       v. | |
| SENATE COMMITTEE ON INDIAN AFFAIRS and OFFICE OF LISA MURKOWSKI, | |
|         Defendants. | |

## ORDER

On June 1, 2023, self-represented litigant Kristi Williams ("Plaintiff") filed a Complaint, a civil cover sheet, and Motion for In-Camera review. The entire case has been sealed by the Clerk's office since the case was initiated, presumably in light of the motion for in-camera review being filed.[1] Plaintiff requests "all information" in the Complaint remain sealed to "avoid disclosure of such material that could result in personal harm, privacy invasion, potential retaliation, and to protect confidential and sensitive information from public disclosure and avoid the adverse consequences that could arise from the public dissemination of such details."[2] Plaintiff asks the Court to review and "privately assess the materials"[3] The Court grants Plaintiff's motion to the extent that the Court has reviewed the

---

[1] Dockets 1-3.

[2] Docket 3 at 2.

[3] Docket 3 at 2.

Complaint. However, as discussed below, Plaintiff has not provided a compelling reason for sealing the Complaint, and the Court intends to unseal this case in the event Plaintiff elects to proceed with it.[4] Therefore, the Court will strike and remove from the record the Complaint and accord to Plaintiff 30 days from the date of this order in which to file a revised complaint that complies with this order, the Federal Rules of Civil Procedure, and the Local Civil Rules of the District of Alaska.

## DISCUSSION

The public has a general right to inspect judicial records and documents.[5] Although "access to judicial records is not absolute," there is a "strong presumption in favor of access."[6] A party seeking to seal a judicial record bears the burden of overcoming this strong presumption.[7] While a "good cause" showing will suffice to seal records attached to non-dispositive motions, a party seeking to seal a dispositive motion must meet a higher threshold by articulating "compelling reasons" supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.[8] Although neither the Supreme Court nor the Ninth Circuit has squarely addressed the issue, district courts within the Ninth Circuit have treated complaints as akin to dispositive motions when

---

[4] *See* Local Rule 7.3(f)(7) ("The court may order the unsealing or redaction of any sealed document for the public record.").

[5] *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[6] *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).

[7] *Id.* at 1135.

[8] *Kamakana,* 447 F.3d at 1180 (9th Cir. 2006) (citing *Foltz,* at 1135)*.*

Case No. 3:23-cv-00122-SLG, *Williams v. Senate Committee on Indian Affairs et al.*
Order
Page 2 of 5
Case 3:23-cv-00122-SLG   Document 4   Filed 06/21/23   Page 2 of 5

making sealing determinations.[9] The fact that the public nature of litigation may lead to a person's embarrassment, incrimination, or exposure to further litigation will not, without more, cause a court to seal its records.[10] Rather, a court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."[11] "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."[12]

Upon review, the Court finds no compelling reason for this action to remain under seal. Therefore, the Court will strike Plaintiff's Complaint and direct the Clerk of Court to remove it from the record, and will also unseal this action and make all other filings available to the public. Plaintiff may file a revised complaint **on or before 30 days** of the date of this order. Plaintiff's revised complaint must include facts sufficient to support each of the causes of action that she seeks to pursue and must be filed in the public record.[13] However, a complaint need not contain

---

[9] *See, e.g., In re NVIDIA Corp. Derivative Litig.,* 2008 WL 1859067, at *3–4 (N.D.Cal. 2008) (finding that a request to seal all or part of a complaint is governed by the compelling reasons standard because "[w]hile a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of").

[10] *Foltz,* 331 F.3d at 1136.

[11] *Kamakana,* at 1179 (internal quotation marks omitted).

[12] *Id.* (internal quotation marks omitted).

[13] *See* Local Civil Rule 15.1. Local Civil Rule 7.3(f) sets out the procedure that a party must follow when seeking to file a document under seal.

Case No. 3:23-cv-00122-SLG, *Williams v. Senate Committee on Indian Affairs et al.*
Order
Page 3 of 5
Case 3:23-cv-00122-SLG   Document 4   Filed 06/21/23   Page 3 of 5

every factual detail.[14] Rather, Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." It must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion at Docket 3 is GRANTED to the extent the Court has reviewed Plaintiff's Complaint.

2. The Clerk of Court shall strike and remove from the record the Complaint at Docket 1. Thereafter, the Clerk of Court shall unseal this action, including the motion at Docket 3 and this order.

3. Plaintiff is accorded **30 days from the date of this order** to file a revised complaint on the public record in accordance with this order.

4. If Plaintiff does not file a revised complaint **within 30 days**, this action will be dismissed without prejudice and without further notice to Plaintiff.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Ashcroft*, 556 U.S. at 678.

Case No. 3:23-cv-00122-SLG, *Williams v. Senate Committee on Indian Affairs et al.*
Order
Page 4 of 5
Case 3:23-cv-00122-SLG   Document 4   Filed 06/21/23   Page 4 of 5

orders.[16] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

DATED this 21st day of June, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules

Case No. 3:23-cv-00122-SLG, *Williams v. Senate Committee on Indian Affairs et al.*
Order
Page 5 of 5
Case 3:23-cv-00122-SLG   Document 4   Filed 06/21/23   Page 5 of 5