# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KRISTI WILLIAMS,

        Plaintiff,

v.

SENATE COMMITTEE ON INDIAN AFFAIRS and OFFICE OF LISA MURKOWSKI,

        Defendants.

Case No. 3:23-cv-00122-SLG

## ORDER OF DISMISSAL

On June 1, 2023, self-represented litigant Kristi Williams ("Plaintiff") filed a Complaint, a civil cover sheet, and Motion for In-Camera review.[1] The Court reviewed the Complaint and found no compelling reason for this action to remain under seal.[2] On June 21, 2023, the Complaint was stricken from the record, and Plaintiff was accorded 30 days in which to file a revised complaint. The Court cautioned this action would be dismissed without further notice if Plaintiff failed to file a revised complaint within 30 days.[3] To date, Plaintiff has not responded.

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order.[4] In deciding whether to

---

[1] Dockets 1-3.
[2] Docket 4.
[3] Docket 4 at 4.
[4] Fed. R. Civ. P. 41(b).

dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[5]

There is no operative complaint in this case and Plaintiff failed to comply with the Court's order to remedy this deficiency. Therefore, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[6] The Court finds no other lesser sanction to be satisfactory or effective in this case.[7] Therefore, this case is dismissed, without prejudice, for failure to prosecute this action. The Clerk of Court shall issue a final judgment.

DATED this 7th day of August, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[5] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[6] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[7] See, e.g., *Henderson, 779 F.2d at 1424* (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:23-cv-00122-SLG, *Williams v. Senate Committee on Indian Affairs et al.*
Order of Dismissal
Page 2 of 2
Case 3:23-cv-00122-SLG   Document 5   Filed 08/07/23   Page 2 of 2